E-FILED
Friday, 19 September, 2014 10:07:55 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARVIN BETTS, | ) |
| Petitioner, | ) |
| v. | ) NO. 13-3188 |
| DONALD GAETZ, | ) |
| Respondent. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

Marvin Betts has filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [d/e 1], an Amendment [d/e 2] and a Supplement [d/e 11] to the Petition. Pending also is the Respondent's Motion for Summary Judgment [d/e 16].

### I. BACKGROUND[1]

Petitioner Marvin Betts, also known as Larry Betts, is in custody at

---

[1] These facts are taken from the facts alleged in support of the Respondent's Motion for Summary Judgment. Each alleged fact is supported with a reference to the record. Because the Petitioner did not respond to Respondent's factual allegations, the facts are deemed admitted. See CDIL-LR 7.1(b)(6).

the Pinckneyville Correctional Center in Pinckneyville, Illinois.  After entering a negotiated guilty plea to first degree murder, the Petitioner was sentenced on May 20, 1997, in the Circuit Court of Adams County, Illinois, to sixty years imprisonment.  The trial court's judgment was reiterated in a typewritten order on July 10, 1997.

On September 11, 1997, the Petitioner signed a motion to withdraw his guilty plea.  The trial court file-stamped the Petitioner's motion to withdraw the guilty plea on September 29, 1997.  On October 31, 1997, the trial court dismissed the Petitioner's motion as untimely under the thirty-day deadline imposed by Illinois Supreme Court Rule 604(d).  The Petitioner did not appeal that judgment of dismissal.

On October 17, 1998, the Petitioner signed his first request for collateral review: a state habeas corpus complaint.  The trial court file-stamped the Petitioner's state habeas corpus complaint on October 21, 1998.  The state habeas action yielded no relief.

Although the Petitioner has repeatedly tried to file additional collateral attacks and successive motions to withdraw his guilty plea, his

conviction and sentence have never been reopened and no collateral attack is pending.

The Petitioner filed the § 2254 petition now pending on June 26, 2013. The Court granted the Petitioner leave to amend the petition and deemed his amendment to be the operative pleading. The Petitioner filed another motion to amend that the Court denied. In considering the Petition under § 2254, the Court has examined each of the Petitioner's filings.

In the operative petition, the Petitioner alleges that prosecutors violated due process by concealing favorable evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963). However, the Petitioner does not specify the evidence which he claims was concealed.

In the initial petition, the Petitioner appears to allege that prosecutors hid the following information: (1) insanity or intoxication can sometimes reduce or eliminate criminal liability under Illinois law; (2) Petitioner's crime was particularly depraved and "not in accord with good morals;" (3) depraved acts may signal insanity or intoxication; and (4) Petitioner took

drugs and alcohol before the killing.

In the original petition the Petitioner alleges, "Only recently have I found out that I am not criminally responsible for the acts I committed." See Doc. No. 1, at 1.

## II. DISCUSSION

### A. Timeliness of petition under § 2244(d)(1)

Federal habeas petitions are governed by a one-year limitations period running from the latest of four triggering events. See 28 U.S.C. § 2244(d)(1). Upon construing the facts in a light most favorable to the Petitioner, the Court concludes that Petitioner's § 2254 petition was not filed within the limitations period and the Respondent is entitled to summary judgment. See Habeas Corpus Rule 4 (requiring pre-answer dismissal if it "plainly appears" the Petitioner is not entitled to relief).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year period of limitation begins running on the day a conviction becomes final. Section 2244(d)(2) tolls the period while a "properly filed" post-conviction action is "pending" in state court. See 28 U.S.C. § 2244(d)(2). Based on these

facts, the Petitioner's 1997 conviction became final when he missed the thirty-day deadline for withdrawing his plea. See Ill. Sup. Ct. R. 604(d) (providing that court will not hear an appeal from judgment entered upon plea of guilty unless the defendant moves to withdraw the plea within 30 days).

If the date is measured from the Petitioner's May 20, 1997 sentencing, then his conviction became final on June 19, 1997, thirty days after the Petitioner was sentenced. If it is measured from the July 10, 1997 order memorializing the sentence, then the conviction became final on August 11, 1997.

Whichever date is used, because the Petitioner's September 1997 motion to withdraw his guilty plea was untimely, it did not change the date of finality for purposes of starting the limitations period under § 2244(d)(1)(A). If the latest potential deadline were used, then the § 2254 petition was due one year later: on August 11, 1998. See Fed. R. Civ. P. 6(a); Newell v. Hanks, 283 F.3d 827, 833 (7th Cir. 2002) (applying "anniversary" method of calculating limitations period).

Although the Petitioner filed a series of collateral attacks after August 11, 1998, none of them could restart or retroactively toll the limitations period. See De Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009) (holding that "state proceeding that does not begin until the federal year has expired is irrelevant" to timeliness).

The Court further finds that none of the other provisions in § 2244(d)(1)(B)-(D) alter the date the conviction became final. None of the Petitioner's habeas claims involve a state impediment to filing, a newly recognized and retroactive constitutional right, or a factual predicate that could not have been discovered through the exercise of due diligence before the conclusion of direct review. See 28 U.S.C. § 2244(d)(1)(B)-(D).

Although the Petitioner states that he "[o]nly recently" learned of certain "facts," none of the Petitioner's allegations entitle him to any relief. The Petitioner's statement that Illinois law sometimes contemplates a defense of insanity or intoxication is a statement of law. It does not support a claim that prosecutors withheld exculpatory evidence pursuant to Brady. The Petitioner has not asserted a basis for starting the limitations

period under § 2244(d)(1)(B) on the basis that a reasonably diligent Petitioner could have just recently discovered the "factual predicate" for the claim.

The statements that the killing he committed was depraved and that depravity sometimes signals insanity or intoxication are not statements which support a claim that prosecutors withheld exculpatory evidence. As the Respondent notes, these are commonsense inferences readily available to the Petitioner. Additionally, because he did not allege involuntary intoxication, the Petitioner knew or should have known that he used drugs and alcohol. The prosecutor was not required to disclose this information to the Petitioner. Harris v. Kuba, 486 F.3d 1010, 1015 (7th Cir. 2007) (noting that an individual's alibi is not concealed from him and need not be disclosed pursuant to Brady). These are matters about which he was aware or could have known by exercising reasonable diligence. Accordingly, even if this information was only "recently" discovered by the Petitioner, it does not entitle him to a later start-date for the one-year limitations period under 28 U.S.C. § 2244(d)(1)(D).

Based on the foregoing, the § 2254 petition was due on or before August 11, 1998, because the Petitioner's conviction became final on August 11, 1997. The Petitioner has offered no legitimate basis as to why the one-year limitations period should have started on a later date. The petition is untimely and will be dismissed with prejudice.

B. Brady claim is plainly meritless if petition timely

The Court further finds that even if the Petitioner's claims are not time-barred, his constitutional claim is without merit. Brady "deals with the concealment of exculpatory evidence unknown to the defendant." United States v. Lee, 399 F.3d 864, 865 (7th Cir. 2005). The Court is not aware of any precedent which suggests that Illinois's law governing insanity defenses constitutes "evidence" in a particular case. For the reasons previously discussed, Brady does not apply to the Petitioner's characterization of his own acts or his use of drugs and alcohol.

Accordingly, even if the § 2254 petition was not time-barred, the Petitioner's Brady claims are plainly without merit and would be subject to pre-answer dismissal under Rule 4 of the Rules Governing Habeas Corpus

Cases.

### C. Certificate of appealability

The Court further finds that Petitioner is not entitled to a certificate of appealability because the Petitioner has not "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). When the Court denies a petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only if the Petitioner shows "that jurists would find it debatable whether the petition states a valid claim of a constitutional right and jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the Petitioner's claims are time-barred and he has not raised any arguments that jurists of reason would find debatable, the Court declines to issue a certificate of appealability.

Ergo, the Respondent's Motion for Summary Judgment [d/e 16] is ALLOWED. Judgment shall be entered against the Petitioner.

The Petition for a Writ of Habeas Corpus filed by Marvin Betts [d/e

1] is Dismissed with Prejudice.

The Court declines to issue a certificate of appealability.

ENTER: September 18, 2014

        FOR THE COURT:

                      s/Richard Mills
                      Richard Mills
                      United States District Judge